IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:19-cv-00259-JRG-RSP |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. and SAMSUNG ELECTRONICS CO. | § | |
| LTD., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are two motions by Defendants Samsung Electronics America, Inc. and Samsung Electronics Co. Ltd. (collectively, "Samsung" or "Defendants"): (1) Motion to Stay Pending Resolution of Uniloc's Appeal of a Closely Related Case, Pending *Inter Partes* Reviews of the Patent at Issue, and Pending Samsung's Motion to Dismiss This Case ("Motion to Stay") (**Dkt. No. 37**) and (2) Motion for Oral Hearing (**Dkt. No. 49**) (collectively, the "Motions"). After consideration, the Court **DENIES** Defendants' Motion to Stay and Motion for Oral Hearing.

### I. BACKGROUND

Plaintiff Uniloc 2017 LLC ("Uniloc") filed this action against Samsung on July 31, 2019, alleging infringement of U.S. Patent No. 6,664,891 ("the '891 Patent"). (Dkt. No. 1).

#### a. Previous Related Proceedings

In early 2018, Uniloc sued various LG entities in the Northern District of Texas for allegedly infringing U.S. Patent No. 6,993,049 ("the '049 Patent"), a patent Samsung argues is related, but narrower than the '891 Patent, the patent at issue in this case. That suit was later transferred to the Northern District of California. *Uniloc USA Inc. v. LG Elecs. USA Inc.*, No. 18-cv-06738-LHK (N.D. Cal.) ("*LG Case*"). About a year later, in February 2019, LG moved to

dismiss the complaint, arguing the '049 Patent claimed patent-ineligible subject matter. *Uniloc USA Inc. v. LG Elecs. USA Inc.*, 379 F. Supp. 3d 974, 982 (N.D. Cal. Apr. 9, 2019). In April 2019, the California Northern district court granted LG's motion and entered a judgment of invalidity under § 101. *Id.* at 1000. Uniloc then appealed the decision ("*LG Appeal*") to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). The *LG Appeal* is fully briefed, and oral arguments before the Federal Circuit panel were held on March 3, 2020. (Dkt. No. 50-1).

Further, in April 2019, Cisco Systems, Inc. filed a petition for IPR of claims 14 and 16 of the '891 Patent. *Cisco Sys. Inc. v. Uniloc 2017 LLC*, No. IPR2019-00965 (PTAB) ("*Cisco IPR*"). Three months later, Microsoft Corp. filed a petition for IPR of claims 1-4, 8, and 14-16 of the '891 Patent. *Microsoft Corp. v. Uniloc 2017 LLC*, No. IPR2019-01188 ("*Microsoft IPR*"). The Patent Trial and Appeal Board ("PTAB") has since instituted both the *Cisco IPR* and *Microsoft IPR*. (*See* Dkt. Nos. 37-9, 37-10). Samsung filed an IPR petition, contending that it sought joinder to the *Cisco IPR* as its IPR petition were of the same claims on the same grounds. (Dkt. No. 37 at 4 (citing *Samsung Elecs. Am., Inc. v. Uniloc 2017 LLC*, No. 2020-00227 (PTAB)). It also indicated that it planned to do the same thing with the *Microsoft IPR*. (*Id.* at 5). While Samsung stated that it sought joinder to the *Cisco IPR* and *Microsoft IPR*, the record only shows one Samsung IPR petition—it does not show a second IPR petition, an approval of its joinder requests, or a decision to institute Samsung's petition.

### b. Current Case

This action was filed around the same time as the described proceedings occurred. In this action, Uniloc accused many Samsung products of infringing the '891 Patent. (Dkt. No. 1). In late October 2019, Samsung filed a Rule 12(b)(6) motion to dismiss, arguing that: (1) the asserted

claims of the '891 Patent are invalid under 35 U.S.C. § 101; (2) the suit is barred by collateral estoppel; and (3) the suit is barred under the doctrine of claim splitting. (Dkt. No. 14).

That motion was subsequently mooted by Uniloc's Amended Complaint, filed on November 12, 2019. (Dkt. No. 24). A week later, Uniloc served its infringement contentions, asserting claims 1-4, 8-10, 14-16, 18-21, 24-27, and 30 of the '891 Patent (the "Asserted Claims"). Samsung filed the current motion to dismiss on November 20, 2019, based on the same three grounds as before. (Dkt. No. 26).

Samsung then filed the Motion to Stay on December 16, 2019, arguing for a stay in this case pending resolution of: (1) the appeal of the *LG Case* decision where the '049 Patent was found invalid under § 101; (2) the *Cisco IPR* and *Microsoft IPR* of the '891 Patent involving eight of the nineteen Asserted Claims; and (3) the "clearly meritorious" Motion to Dismiss. (Dkt. No. 37).

Finally, on January 28, 2020, Samsung filed a Motion for Oral Hearing on the other two motions, arguing the issues were ripe since briefing had completed a few days earlier. Samsung did not explain why a hearing was necessary despite the extensive briefings provided by the parties.

## II. The '891 Patent

The '891 Patent is entitled "Data Delivery through Portable Devices." It relates to the use of wireless networks, such as Bluetooth networks, to send and receive messages, such as inquiry messages, between devices. '891 Patent, Abstract, 3:4-13. The patent application underlying the '891 Patent was filed on June 11, 2001.

The patent purported to describe how to substantially decrease the time it takes to connect to other devices through wireless networks over conventional methods at the time of the invention. The patent describes a process that achieves this by including an additional data field, or a broadcast channel, that carries a user-defined payload. This payload allows the connecting device

to skip the traditional method, which required entering an inquiry substate, broadcasting its inquiry message at periodic intervals, and waiting for a piconet master to grant it access to the network.

### III. LEGAL STANDARD

District courts have the inherent power to control their own dockets, including the power to grant a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). When resolving a motion to stay pending appeal, four factors are considered: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are most critical. *Id*. The party seeking a stay bears the burden of showing that such a course is appropriate. *Id*. at 433–34 (first citing *Clinton*, 520 U.S. at 708; then citing *Landis*, 299 U.S. at 255).

District courts typically consider three factors when determining whether to grant a stay pending an IPR of an asserted patent: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 WL 2882725, at *1 (E.D. Tex. Apr. 19, 2017) (citations omitted); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361–62 (Fed. Cir. 2016) (citations omitted).

## IV. DISCUSSION

### a. Samsung's Motion to Stay should be denied

Samsung filed a motion seeking a stay in this case for three reasons: (1) the appeal of the *LG Case* decision holding the '049 Patent as patent-ineligible; (2) the *Cisco IPR* and *Microsoft IPR* of the '891 Patent; and (3) the Motion to Dismiss. (Dkt. No. 37). The Court finds these arguments unpersuasive and accordingly, denies the Motion to Stay.

#### i. The case should not be stayed despite the appeal to the Federal Circuit of the decision holding the '049 Patent invalid under 35 U.S.C. § 101

Samsung first argues that the Court should stay this case because of the *LG Appeal*, where the Federal Circuit will review a Northern District of California decision holding the '049 Patent invalid as patent-ineligible under 35 U.S.C. § 101. As an initial matter, Samsung never addresses or analyzes the standard described in *Nken*. Since the party seeking a stay bears the burden of showing that such a course is appropriate, this alone would be fatal to Samsung's argument. *See Nken*, 556 U.S. at 434.

Further, even on the merits, Samsung's request would fail. The standard is a demanding one. A stay is an "intrusion into the ordinary processes of administration and judicial review." *Nken*, 556 U.S. at 427 (quotation omitted); *see also Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2017 WL 6559172, at *1 (E.D. Tex. Dec. 22, 2017). Thus, under Fifth Circuit law, the stay of a case pending appeal constitutes "extraordinary relief." *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994) (Smith, J., dissenting) (citing *U.S. v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)). Samsung is asking for this extraordinary relief here where the sole asserted patent is the '891 Patent, even though the *LG Case* involves a different patent, the '049 Patent, and defendant, LG.

None of the factors favor a stay. The first factor is whether the stay applicant has made a strong showing that it is likely to succeed on the merits. Samsung has not done so. The *LG Case* is between LG and Uniloc. It would therefore be difficult to find that Samsung has made a showing—let alone a ***strong*** showing—that it is likely to succeed on the merits in an appeal it is not a party to.

The second factor is whether the applicant will be irreparably injured absent a stay. Again, Samsung does not address this argument specifically. Instead, it argues resolution of the appeal by the Federal Circuit may narrow and simplify the issues—an altogether different issue.[1] Not staying the case, it argues, may lead to duplicative efforts and, consequently, harm the parties. While theoretically possible, it is speculative at best.[2] Further, this is not the type of irreparable injury envisioned by the test. It is quite possible that the Federal Circuit may issue an opinion that has no such effect.[3] Therefore, the first two factors, the most critical ones, weigh against transfer. *See Nken*, 556 U.S. at 434.

The third factor is whether issuance of the stay will substantially injure the other parties interested in the proceeding. Uniloc argues that it will be harmed by having to wait to timely enforce its patents. (Dkt. No. 42 at 9). The Court agrees that a plaintiff has a right to timely enforce its patents. The Federal Circuit has just heard arguments. It will likely be some time before an opinion is issued such that the stay could result in substantial injury to Uniloc. In fairness, since it is unknown how long this process may take, this factor is neutral.

---

[1] This issue is addressed in detail below. *Infra* Section III-a-ii-3.
[2] For example, Samsung argues that the undersigned previously construed terms in a previous claim construction for the '049 Patent that also appear in the '891 Patent and that it "anticipates having to re-litigate the same or similar issues already adjudicated by Magistrate Judge Payne" in this case. (Dkt. No. 37 at 9). Samsung does not explain why it could not argue for the same construction again, potentially saving it much time and effort. Also, as explained below, the Court does not find litigation on the '049 Patent has an estoppel effect for this action involving the '891 Patent.
[3] The opinion could have this effect in a multitude of ways beyond just a reversal of the district court's decision. For example, the Federal Circuit could affirm in a narrow fact-specific manner, which would not affect this litigation.

The fourth factor is where the public interest lies. Neither party argues this factor. Yet, it is bedrock that there is a public interest in the just and speedy resolution of disputes. Fed. R. Civ. P. 1 (stating the Rules should be used to "secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Intellectual Ventures II*, 2017 WL 6559172, at *4 (citing *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-00799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs.")).

Samsung admits the weakness of its position. (Dkt. No. 46 at 2) ("[The four factors] make little sense in the context of a motion to stay pending a decision in a related case in which the movant is not a party, as is the case here."). Instead, Samsung asks that its request be analyzed under the three-factor test used when considering whether to grant a stay pending an IPR of an asserted patent. Under these factors, Samsung's request still fails as described in more detail in the next section, which also discusses the factors in the context of the *Microsoft IPR* and *Cisco IPR*.

### ii. The pending IPRs of the '891 Patent do not justify a stay

Samsung argues that along with the *LG Appeal*, the pending IPR proceedings involving the '891 Patent support granting a stay. The Court disagrees since those matters would not simplify this case enough to justify a stay. The *LG Appeal* involves a different patent. The pending IPRs do not involve or affect all the Asserted Claims of the asserted patent, Samsung's own petition has not been instituted, and Samsung has not made a showing that it is a party to the *Microsoft IPR* or *Cisco IPR* or would be estopped by any decision resulting from those IPRs.

District courts typically consider three factors when determining whether to grant a stay pending an IPR of an asserted patent: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including

whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Uniloc USA v. Avaya*, 2017 WL 2882725, at *1.

### 1. Factor 1: Prejudice

Uniloc argues it will be prejudiced by a stay because it has a valid interest in the timely enforcement of its patent rights. (Dkt. No. 42 at 3–4). The Court acknowledges that every patent holder has "an interest in the timely enforcement of its patent right." *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051, at *3 (E.D. Tex. Aug. 14, 2019) (collecting cases). "However, that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (citations omitted).

Further, Samsung argues, and Uniloc does not dispute, that Uniloc does not seek a preliminary injunction in this case. While a party may have "a variety of reasons" for not moving for a preliminary injunction, this weighs against any potential prejudice Uniloc may suffer. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Yet, Uniloc argues that if the case is stayed, it would have to likely wait years before the stay is lifted. (*Id*. at 8 (describing how a Final Written Decision can take up to 18 months and an appeal to the Federal Circuit "would likely take around 15 months")).

In sum, both parties cite prejudice factors favoring them, but the factors cited are present in many patent cases. Absent a showing of any case-specific prejudice, this factor is neutral.

### 2. Factor 2: Stage of Proceedings

"This factor considers two sub-factors: (1) whether discovery is complete and whether a trial date has been set; and (2) whether the movant has unreasonably delayed filing its IPR petition

and motion to stay." *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2839260, at *2 (E.D. Tex. Apr. 20, 2017) (citing *SSL Servs., LLC v. Cisco Sys., Inc*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *1 (E.D. Tex. June 28, 2016)). When considering a motion to stay, the filing date of the motion is the proper time to measure the stage of litigation. *Uniloc USA v. Avaya*, 2017 WL 2882725, at *2 (citing *VirtualAgility Inc.*, 759 F.3d at 1316).

As for the first subfactor, when Samsung filed the Motion to Stay, a Docket Control Order had been filed. (Dkt. No. 31). The Order set August 17, 2020, as the deadline to complete discovery with trial set for January 4, 2021. Thus, this subfactor leans slightly against a stay since a trial date has been set and discovery has progressed; although, it has not yet completed.

As for the second subfactor, this case was filed on July 31, 2019. Samsung filed an IPR petition on December 6, 2019—a difference of around four months.[4] The Motion to Stay was filed ten days later on December 16, 2019. Courts in this district have found four months not to be an unreasonable delay. *See Stragent*, 2017 WL 2839260, at *2 (finding "a delay of up to seven and a half months can be reasonable" and collecting cases holding as such). As for the Motion to Stay, Samsung was arguably too eager in filing the motion, filing it before its petition seeking joinder to the *Microsoft IPR* was filed.

Therefore, this factor weighs slightly against a stay as Samsung was not unreasonably dilatory in its necessary filings, but the case has progressed sufficiently far to not be considered in its early stages, especially considering the entry of the Docket Control Order.

### 3. Factor 3: Simplification of the Issues

The final factor—whether the stay is likely to simplify the issues at trial—is the most important factor bearing on whether to grant a stay. *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No.

---

[4] The petition was seeking joinder to the *Cisco IPR*. When the Motion to Stay was filed, Samsung had not yet filed a petition to join the *Microsoft IPR* but stated that it "will be filing a motion for joinder to this IPR." (Dkt. No. 37 at 5).

2:17-CV-00140-WCB-RSP, 2019 U.S. Dist. LEXIS 144149, at *22 (E.D. Tex. Feb. 14, 2019); *Stragent*, 2017 WL 2839260, at *2 (collecting cases). Samsung argues that staying the case until either the Federal Circuit's resolution of the *LG Appeal* or the PTAB issues a decision regarding the pending IPRs of the '891 Patent will simplify the issues at trial. The Court finds that staying the case would not lead to enough simplification to justify staying the case.

### a. Simplification of the issues due to the LG Appeal does not justify staying the case

Samsung argues that the *LG Appeal* would help simplify the issues "at least with respect to invalidity and claim construction" as the '049 Patent has "substantial overlap" with the '891 Patent since their claims share some common language. (Dkt. No. 37 at 7). It contends the appeal will inform the Court how to decide the § 101 issue, pointing to a statement by Uniloc that the "*LG Appeal* 'would have a ***significant*** effect' on the issues in Samsung's Motion to Dismiss" in support. (*Id*. at 8 (emphasis in original)). It also argues that the resolution of the appeal will simplify claim construction issues since the "claim terms of the '891 Patent at issue in this case cannot be independently construed without impacting the existing construction for the claim terms of the '049 Patent." (*Id*. at 9). These arguments do not persuade the Court that an unasserted patent would be especially instructive in this case.

Even if some terminology in the claims is the same, important differences remain. The parties may raise new arguments or positions. Further, while the two patents have some similar claim terms, the claims are not the same. Most importantly, the specifications are different. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (internal quotation marks omitted) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995)) ("claims must be read in view of the specification, of which they are a part") (*Compare* Dkt. No. 26-3 *with* Dkt.

No. 26-4). Finally, Samsung does not provide any authority showing that the Court would be bound by the prior construction of the '049 Patent's claims.

For similar reasons, the Federal Circuit's decision in the *LG Appeal*, while helpful in the way that all Federal Circuit opinions are, would not be decisive in determining the validity of the '891 Patent. In sum, while the *LG Appeal* may provide some value, there is no guarantee of any benefit worth staying the case and delaying trial.

### b. Simplification of the issues due to the pending IPRs do not justify staying the case

As for the pending IPRs, Samsung spends much of its briefing arguing that the case should be stayed since the *Microsoft IPR* and *Cisco IPR* were instituted. Yet, Samsung never adequately explains why these third party IPRs affect Samsung. Samsung is not the real party in interest or privy of the petitioner and Samsung never agrees to be estopped by decisions reached in those proceedings. *See* 35 U.S.C. § 315. Instead, Samsung states that it filed a petition seeking joinder to the *Cisco IPR* and "will be filing a motion for joinder to [the Microsoft] IPR." (*Id*. at 5). This does not provide enough assurances to the Court to prove that the stay pending the *Microsoft IPR* and *Cisco IPR*, without more, would help simplify issues in this case.[5]

As for its own actions, the record shows Samsung only filed one petition for IPR on December 6, 2019, challenging claims 14 and 16 of the '891 Patent. While Samsung stated it would file a second petition, it never affirmatively showed that it filed the petition. Further, the record does not show that Samsung's petition for IPR of the '891 Patent was instituted. Therefore, it seems premature at this stage to stay the case due to Samsung's non-instituted petition.

---

[5] While the Court is confident that Samsung would agree with a favorable result, it is more worried that Samsung would attempt to relitigate the same issues should a decision unfavorable to Samsung be reached in the IPRs since Samsung never committed to be estopped by the *Microsoft IPR* or *Cisco IPR*. This additional litigation would negate many of the benefits Samsung argues the stay would provide.

Even if Samsung made the requisite showing, another, more serious problem exists. The parties agree that, at most, only eight of the nineteen Asserted Claims are challenged. Therefore, even in a situation where the PTAB invalidates every instituted claim, eleven Asserted Claims would remain live in this case. The Court would inevitably need to resolve the dispute concerning those remaining claims. Therefore the pending IPRs do not offer the prospect of enough simplification of the issues to justify a stay.

### 4. Claim 16 cannot be used as a representative claim in order to justify staying the case

Samsung argues that even though the petitions did not include all the Asserted Claims, Uniloc identified claim 16, which is challenged by all the current IPRs, as being representative of the '891 Patent's alleged invention. (Dkt. No. 46 at 3 (citing Dkt. No. 24, ¶ 19)). Therefore, Samsung argues, the IPRs would affect all the Asserted Claims since claim 16 would be instructive for the Court as to any other Asserted Claim. Samsung's argument fails because Uniloc's statement called claim 16 the broadest—not most representative—form of the invention. The statement was also made in the context of infringement, which does not inherently implicate validity defenses. Samsung has not shown that the claim would be representative in an IPR proceeding.

This Court recently discussed similar situations where a defendant sought to use a plaintiff's statement that a claim is representative for infringement purposes in other contexts, stating "each claim [is] presumed independently valid . . . ." *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1030 (E.D. Tex. 2019) (citing 35 U.S.C. § 282); *see also GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00161-JRG-RSP, 2020 WL 475443, at *1 (E.D. Tex. Jan. 29, 2020). In *PPS Data*, the Court held that for a defendant to use such a statement, it must conduct an analysis tethered to the claim language to show that there are no legally relevant distinctions between the claim identified as representative and the remaining asserted claims. *Id*.

at 1031. Once the defendant has met its initial burden to show representativeness, the burden shifts to the patentee. "'[I]f the patentee does not present any meaningful argument for the distinctive significance of any claim limitations,' then the Court has discretion to treat the allegedly representative claim as representative." *Id*. at 1032 (brackets in original) (quoting *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) *cert. denied,* No. 18-415, 2020 WL 129532 (U.S. Jan. 13, 2020)). However, if the defendant fails to meet its initial burden, a court "need not—and does not—reach whether" the patentee "has identified 'legally distinctive limitations.'" *GREE,* 2020 WL 475443, at *2 n.1 (quoting *PPS Data*, 404 F. Supp. 3d at 1036). In close calls, courts should err on the side of finding a claim is not representative. *PPS Data*, 404 F. Supp. 3d at 1033.

In its Motion to Dismiss, Samsung conducted an analysis to show that claim 16 is representative of the Asserted Claims in order to reach its conclusion that the '891 Patent fails the test of § 101.[6] (*See* Dkt. No. 26 at 10–12). It now tries to incorporate that analysis in its Motion to Stay, contending that it proved claim 16 is representative of the Asserted Claims as required by the test set forth in *PPS Data*. Yet, Samsung never explains why claim 16 should be considered representative in its petition for IPR. An IPR petition may only be brought on § 102 or § 103 grounds. *See* 37 C.F.R. § 42.104(b)(2). Samsung's Motion to Dismiss, and corresponding analysis, focused on the invalidity of the '891 Patent pursuant to § 101. As the Federal Circuit stated, "[w]hether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional." *Berkheimer*, 881 F.3d at 1369 (differentiating the § 101 standard from the § 102 and § 103 standards).

---

[6] The Court does not reach the question of whether Samsung's analysis was enough for Samsung to meet its burden to be able to use Claim 16 as representative for its § 101 invalidity case. *See GREE*, 2020 WL 475443, at *3 (explaining that just because a party represents a claim is representative for purposes of infringement does not mean that claim is necessarily representative for purposes of invalidity).

When invalidity defenses encompass different requirements, a defendant must analyze the allegedly representative claim under each standard to show that there are no legally relevant distinctions *as to that particular defense* between the claim identified as representative and the remaining asserted claims. Samsung never conducted such an analysis in the context of § 102 and § 103.[7] Therefore, Samsung failed to meet its initial burden.

Accordingly, after consideration of all the factors, the Court finds that the factors, especially the most important factor, simplification of the issues, weigh against granting a stay. Therefore, Samsung's Motion to Stay based on the pending IPRs of the '891 Patent is denied.

### iii. Samsung did not show that its motion to dismiss provided enough good cause to justify staying the case

Finally, Samsung moves this Court to stay the case due to its pending motion to dismiss since it contends the motion is "clearly meritorious" and "truly dispositive." (Dkt. No. 26). Samsung cites district courts from around the country who have answered similar motions, with some denying and some granting. (Dkt. No. 37 at 12–13) (citing courts from this District as well as the Northern District of Florida, Northern District of California, and District of Delaware).

As our sister court found, under Local Rule CV-26 and Federal Rule of Civil Procedure 26, the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss. *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17-cv-126-RWS-CMC, 2018 WL 5728515, at *2 (E.D. Tex. Apr. 25, 2018). It stated that "[i]n the Fifth Circuit, staying discovery while a motion to dismiss is pending is the exception rather than the rule." *Id.* (internal quotation marks omitted) (citation omitted).

---

[7] When in doubt, a party should err on the side of caution and conduct an analysis in the context of a particular defense. Finding a single claim is representativeness of the entire patent is a consequential finding; accordingly, it will not be granted lightly.

### b. Samsung's Motion for Oral Hearing is denied

Defendants move for an oral hearing on their Motion to Dismiss and Motion to Stay. (Dkt. No. 49). The Court is satisfied that the briefing is sufficient to make a decision on the motions to dismiss and stay based on the briefing, without the need for a hearing. Accordingly, Samsung's Motion for Oral Hearing is denied.

### V. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' Motion to Stay and Motion for Oral Hearing.

**SIGNED this 24th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE